United States District Court
Northern District of California

GARY L. LEWIS,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No.: C 4:12-4258 KAW

ORDER DENYING PLAINTIFF'S MOTIONS

    Plaintiff is *pro se* and proceeds *in forma pauperis* in this case. The parties have consented to the jurisdiction of a magistrate judge. *See* 28 U.S.C. § 636(c).

    On August 23, 2012, and August 28, 2012, Plaintiff filed two documents titled "Plaintiff's Motion for Entry of Judgement in Private Securities Action's [sic]" and "Plaintiff's Motion Assignment of Action to the Eureka Division for Transfer of Action and Proceedings."

    In the first document, Plaintiff asks that the Clerk "enter judgment in this action." Dkt #6 at 2. Plaintiff's unintelligible motion consists of four sentences, and ostensibly relies on Civil Local Rule 58-1, although no such rule exists. Plaintiff has attached exhibits entitled "Plaintiff's Affidavit for Summary Adjudicated Judgement," "Notice and Supporting Papers," and "Points and Authorities" to his motion, but these documents are similarly unintelligible and provide no grounds for granting the motion. Because Plaintiff has not provided any valid authority or coherent argument to justify the relief he requests, this motion is denied.

    In the second document, Plaintiff appears to request that his case be transferred to the Eureka division of this Court on the grounds that this division "does not except [sic] Securities Class Actions." Dkt #8 at 1-2. Plaintiff claims that the Court's conduct in not transferring his case violates due process and violates "the Code of Conduct Cannons [sic]." *Id.* at 2. Although Plaintiff's complaint is not entirely clear, it appears that this is a social security case. *See* Dkt #1

at 1-2 (action filed on the form complaint for judicial review of a decision of the Commissioner of Social Security).

There is nothing in Plaintiff's complaint that would indicate that this case is a securities class action, or that this case has been assigned to the wrong division. *See* Civil Local Rule 3-2(c) (civil cases shall be assigned to the courthouse serving the county in which "a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated," except for enumerated types of cases, including securities class actions, which are assigned on a "district-wide basis"); (h) (transfer to another division is proper when "a civil action has not been assigned to the proper division . . . or that the convenience of the parties and witnesses and the interests of justice will be served" by the transfer). Plaintiff lives in Berkeley, which is near the Oakland courthouse and far from the Eureka courthouse. As Plaintiff has not provided any facts or authority that would support his request for transfer, his motion is denied.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to transfer his case to the Eureka Division is denied. *See* Dkt #8.
2. Plaintiff's Motion for Entry of Judgment is denied. *See* Dkt#6.

Dated: September 19, 2012

_____
KANDIS A. WESTMORE
United States Magistrate Judge