United States District Court
Northern District of California

GARY L. LEWIS,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No.: C 4:12-4258 KAW

ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL

    Plaintiff is *pro se* and proceeds *in forma pauperis* in this case. The parties have consented to the jurisdiction of a magistrate judge. *See* 28 U.S.C. § 636(c).

    On October 1, 2012, Plaintiff filed a document titled "Plaintiff's Affivated [sic] Disqualifaction [sic] of Assigned Judge For Order Denying Plaintiff's Motions." Dkt #14. Plaintiff cites Civil Local Rule 3-15, Disqualification of Assigned Judge, which states, "Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge."

    28 U.S.C. § 144 states:

> Whenever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . .

    The standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might

reasonably be questioned." *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

To be legally sufficient, an affidavit must state facts which, taken as true, fairly support the moving party's allegation that bias or prejudice stemming from an extrajudicial source may prevent a fair decision on the merits. *See United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978).

The Court finds that Plaintiff's motion is legally insufficient. First, the document Plaintiff has filed is not an affidavit. *See* 66 Black's Law Dictionary (9th Ed. 2009) (affidavit defined as "A voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths"); *see also* 28 U.S.C. §1746 (allowing a declaration to be used in the place of an affidavit by using the following language: "I declare . . . under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".). Plaintiff has signed the document he filed, but has not declared under penalty of perjury that the statements in the document are true and correct. For this reason alone, Plaintiff's filing does not meet the requirements of Section 144.

Second, the filing does not state facts and reasons to support Plaintiff's allegation that the Court is biased or prejudiced. Plaintiff writes that the Court violated Civil Local Rule 16-5 ("Procedure in Actions for Review on an Administrative Record") because "this court actions in this matter has supported and condoned one hundred percent by acting in the capacity District Court Judge." Although Plaintiff's argument is not clear, he states that he "demands compliance with" Civil Local Rule 73-1, "Time for Consent to Magistrate Judge." To the extent that Plaintiff wishes to withdraw his consent to proceed before a magistrate judge, he has failed to make a showing of extraordinary circumstances that would justify granting such a request. *See* 28 U.S.C. § 636(c)(4) ("The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge").

Plaintiff also mentions two motions that he filed that the Court denied on September 20, 2012. To the extent that Plaintiff seeks recusal because of perceived bias

against him based on the denial of these motions, his argument fails, because bias or prejudice warranting recusal must come from an extrajudicial source. *See Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("To provide grounds for recusal, prejudice must result from an extrajudicial source . . . A judge's previous adverse ruling alone is not sufficient bias.").

    Because Plaintiff's motion is legally insufficient, the Court will not refer the request for disqualification to the Clerk for random assignment to another Judge. Plaintiff's motion for recusal is denied. *See* Dkt #14.

    It is so ORDERED.

Dated: October 5, 2012

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3