United States District Court
Northern District of California

GARY L. LEWIS,

         Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

         Defendant.

Case No.: C 4:12-4258 KAW

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECUSAL

      Plaintiff is *pro se* and proceeds *in forma pauperis* in this case. The parties have consented to the jurisdiction of a magistrate judge. *See* 28 U.S.C. § 636(c).

      On January 31, 2013, Plaintiff filed a document titled "Plaintiff's affidavit demanding for the disqualification of assigned judge." Dkt # 27. Plaintiff previously filed a similar motion, which the Court denied. *See* Dkt # 14, 15.

      Plaintiff's motion cites Civil Local Rule 3-15, Disqualification of Assigned Judge, which states, "Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge."

      28 U.S.C. § 144 states:

> Whenever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . .

The standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

To be legally sufficient, an affidavit must state facts which, taken as true, fairly support the moving party's allegation that bias or prejudice stemming from an extrajudicial source may prevent a fair decision on the merits. *See United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978).

Plaintiff's motion is legally insufficient. First, the document Plaintiff has filed is not an affidavit. *See* 66 Black's Law Dictionary (9th Ed. 2009) (affidavit defined as "A voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths"); *see also* 28 U.S.C. §1746 (allowing a declaration to be used in the place of an affidavit by using the following language: "I declare . . . under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".). Plaintiff has signed the document he filed, but has not declared under penalty of perjury that the statements in the document are true and correct. For this reason alone, Plaintiff's filing does not meet the requirements of Section 144.

Second, the filing does not state facts and reasons to support Plaintiff's allegation that the Court is biased or prejudiced. Plaintiff writes that the Court knowingly and willfully violated his equal protection rights. The Court cannot understand the rest of Plaintiff's brief, which refers briefly to husband and wife testimony, motions to compel and discovery sanctions, disbarment, "Sharon Ann Kidd," and the obstruction of justice based on discrimination. None of these references provide any facts or reasons for Judge Westmore to recuse herself.

Plaintiff writes that "now the court (KAW) is officially a defendant in this matter." But Judge Westmore is not a defendant in this case. Plaintiff filed this case as a social security case against the Commissioner of Social Security.

Because Plaintiff's motion is legally insufficient and there is no basis for recusal, the Court will not refer the request for disqualification to the Clerk for random assignment to another Judge. Plaintiff's motion for recusal is denied.

It is so ORDERED.

Dated: February 5, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge